**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALLEN TAYLOR** | **CIVIL ACTION NO:** |
| **VERSUS** | **IN ADMIRALTY** |
| **B & J MARTIN, INC. and ROOSTER OIL & GAS, LLC** | **[Seaman's Action exempt from Filing Fees or Security 28 U.S.C. 1916]** |

**************************************************************************

**C O M P L A I N T**

**NOW UNTO COURT,** through the undersigned counsel comes complainant, Allen Taylor, who respectfully alleges and shows on information and belief, as follows:

1.

Jurisdiction is founded on United States Constitution Article III, pursuant to federal jurisdiction over admiralty and maritime claims; Jones Act, 46 U.S.C. 30104, General Maritime Law, 28 U.S.C. 1331 and pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Complainant, Allen Taylor, is a person of the full age of majority and a resident of the State of Louisiana.

3.

Made Defendants herein are:

a) B & J Martin, Inc., a domestic corporation licensed to do and doing business in the State of Louisiana; and is engaged in commercial navigation through the waterways in the State of Louisiana. At all material times, defendant, B & J Martin, Inc., owned, operated, managed and/or controlled the F/V DUSTY DAWN.

b) Rooster Oil & Gas, LLC, a foreign limited liability company authorized to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court with its registered office in Louisiana located at 9 Bayou Dularge Road, Houma, Louisiana.

4.

Defendants, B & J Martin, Inc. and Rooster Oil & Gas, LLC, are justly, truly and indebted unto complainant, Allen Taylor, for all damages as reasonable in the premises, for the following to wit:

**FOR THE FIRST CAUSE OF ACTION**

5.

On or about October 14, 2015, complainant, Allen Taylor, was a seaman and member of the B & J Martin, Inc. crew working on the F/V DUSTY DAWN. Complainant was employed by defendant, B & J Martin, Inc., in the capacity of a seaman within the meaning and intendment of the Jones Act, 46 U.S.C. Section 30104.

6.

On or about October 14, 2015, complainant, Allen Taylor, was a member of the B & J Martin, Inc. crew working on the F/V DUSTY DAWN. He was injured on the F/V DUSTY DAWN when in the process of traversing a stairway, he stepped on a cigarette lighter that had been left on the steps and fell to the deck all within the State of Louisiana and the jurisdiction of this Honorable Court.

7.

The accident caused serious injuries to complainant's mind and body, occurred as a direct result of the unsafe and unseaworthy conditions of F/V DUSTY DAWN, and its appurtenances and/or crew, in whole or in part, as a direct result of the negligence and lack of attention of the defendants, B & J Martin, Inc., acting through its servants, employees and others for whom it is responsible.

8.

Complainant's injuries were proximately caused by the negligence of the defendant, B & J Martin, Inc., its agents, servants, and employees and each of them, particularly, but not exclusively, in failing to provide the petitioner with a reasonably safe place in which to work, in failing to take reasonable precaution for petitioner's safety and well-being, failing to promulgate and enforce rules for the reasonably safe conduct of petitioner's and other's work aboard the said vessel, including negligent acts of commission and omission and also by the known unseaworthiness of the vessel, its appliances and personnel; and other commission and omission negligent acts to be shown at the trial of this matter.

9.

As a direct result of the negligence of the defendant, complainant prays for such damages as are reasonable in the premises including, but not limited to:

A) pain and suffering, past and future;

B) mental anguish and emotional distress;

C) loss of enjoyment of life;

D) lost wages and impairment of earning capacity, past and future;

E) maintenance, cure, and found, both past and future;

F) medical bills, past and future;

G) punitive damages as allowed by law; and

H) Other damages to be shown at the trial of this matter.

**FOR THE SECOND CAUSE OF ACTION**

10.

Complainant repeats and realleges all of the foregoing paragraphs of his First Cause of Action with the same force and effect as if herein set forth at length, and in addition thereto, alleges:

11.

Pursuant to the general maritime law of the United States of America, defendant has the absolute and non-delegable duty to provide complainant with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

12.

That defendant's F/V DUSTY DAWN, was unseaworthy by reason of the aforesaid facts alleged in paragraph 8 and the injuries sustained by complainant were the direct and proximate result of the unseaworthiness of the vessel hereinabove named.

13.

As a direct and proximate result of the unseaworthiness of the F/V DUSTY DAWN, complainant suffered damages and injuries aforesaid in paragraph 9, and otherwise detailed herein.

14.

That complainant is entitled by law to an award of punitive damages for the unseaworthy condition of F/V DUSTY DAWN.

**FOR THE THIRD CAUSE OF ACTION**

15.

Complainant repeats and realleges all of the foregoing paragraphs of his First Cause of Action with the same force and effect as if herein set forth at length, and in addition thereto, alleges:

16.

Pursuant to the general maritime law of the United States of America, defendant, B & J Martin, Inc., has the absolute and non-delegable duty to provide complainant with maintenance, cure, and found benefits from the date he was rendered unfit for duty until maximum cure is achieved.

17.

That the defendant, B & J Martin, Inc., and its insurer are indebted unto complainant for past and future maintenance, cure, and found benefits at a daily rate to be decided at trial, due from the date of injury, until maximum cure is achieved, subject to a credit for any previous maintenance and cure payments. Defendant, despite reasonable demand and provision of proof of injury, has arbitrarily and capriciously and without reasonable basis in fact, failed to pay complainant maintenance, cure and found thus making defendant liable for attorney fees and other punitive and exemplary damages as allowed by the general maritime law.

**FOR THE FOURTH CAUSE OF ACTION**

18.

Complainant repeats and realleges all of the foregoing paragraphs of his First Cause of Action with the same force and effect as if herein set forth at length, and in addition thereto, alleges:

19.

At all pertinent times hereto, the defendant, Rooster Oil & Gas, LLC, had chartered the F/V DUSTY DAWN from the defendant, B & J Martin, Inc., for the purpose of site clean up in the Gulf of Mexico.

20.

Pursuant to those activities, defendant, Rooster Oil & Gas, LLC, placed its employee and/or agent on board the F/V DUSTY DAWN to monitor and report on the activities of the vessel during the cleanup operation. This agent and/or employee was commonly known as the company man or middle man and his identity is unknown at this time, but it is alleged alternatively that he was an employee of a yet to be identified company, herein designated as ABC, Inc.

21.

Upon information and belief, plaintiff alleges that it was this agent and/or employee company man of the defendant, Rooster Oil & Gas, LLC, who negligently left a cigarette lighter on the stairs outside the wheelhouse of the F/V DUSTY DAWN and it was this negligent action that was a proximate cause of the accident and injuries sustained by plaintiff above described for which defendant, Rooster Oil & Gas, LLC, are liable pursuant to the doctrine of respondeat superior.

**WHEREFORE,** complainant prays that defendants, B & J Martin, Inc. and Rooster Oil & Gas, LLC, be served with a copy of this petition and be required to answer same within the legal delays and after due proceedings had, there be judgment rendered herein in favor of complainant

and against defendants for such damages as are reasonable in the premises, together with legal interest thereon from the date of injury until paid and for all costs of these proceedings; for maintenance, cure, and found benefits until maximum cure is achieved, with maintenance due at a daily rate to be decided at trial, subject to credit for previous payments, attorney's fees, expert witness fees, interest on attorney's fees, punitive damages, and all costs and expenses associated with the prosecution of this action; all general and equitable relief as seen fit to be awarded by this court.

Respectfully Submitted:

**JIM S. HALL & ASSOCIATES**

/s/ Jim S. Hall

**JIM S. HALL (#21644)**
**MATTHEW B. MORELAND (#24567)**
**JENNIFER L. CROSE (#32116)**
800 N. Causeway Blvd., #100
Metairie, LA 70001
Telephone: 504-832-3000
Email: jim@jimshall.com
mmoreland@jimshall.com
jcrose@jimshall.com