UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLEN TAYLOR | CIVIL ACTION |
| VERSUS | NO. 18-8941 |
| B&J MARTIN, INC., ET AL. | SECTION A(1) |

ORDER AND REASONS

Before the Court is a **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 15)** filed by Defendants Lege Consulting Services, LLC and Corey T. Gardiner (herein after collectively referred to as "Defendants"). Plaintiff Allen Taylor opposes the motion. (Rec. Doc. 18). Defendants replied (Rec. Doc. 29), and Plaintiff filed a sur-reply (Rec. Doc. 31) to which Defendants then filed a sur-reply (Rec. Doc. 34). The motion, set for submission on April 17, 2019, is before the Court. Having considered the motion and memoranda of counsel, the opposition and replies, the record, and the applicable law, the Court finds that Defendants' motion is **DENIED** for the reasons set forth below.

I.  **Background**

Plaintiff was employed as a seaman by B & J Martin, Inc. aboard the F/V DUSTY DAWN. (Rec. Doc. 1 Complaint, ¶ 5). On October 14, 2015, Plaintiff stepped on a cigarette lighter and fell on the deck of the vessel sustaining various injuries. (*Id.* at 6). On September 26, 2018, Plaintiff filed the instant suit pursuant to the Jones Act and General Maritime Law naming B &J Martin, Inc. ("B & J Martin") and Rooster Oil & Gas, LLC ("Rooster Oil") as defendants. (*Id.* at 1-3). On February 1, 2019, Plaintiff filed the First Supplemental and Amended Complaint (Rec. Doc. 10) naming two additional defendants, Corey T. Gardiner ("Gardiner") and Lege's Consulting Services, LLC ("Lege Consulting"). (Rec. Doc. 10 ¶ 7). Defendants now move the Court to dismiss Plaintiff's claims against Gardiner and Lege Consulting as time-barred and prescribed pursuant to 46 U.S.C. § 30106.

II.  **Legal Standard**

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney*, Ltd., 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. (citing *Bell Atlantic Corp. v. Twombly,* 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id*. (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. (quoting *Plotkin v. IP Axess, Inc*., 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id*. (quoting *Iqbal*, 129 S. Ct. at 1950).

"If a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c)." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) (citing *Tuley v. Heyd*, 482 F.2d 590, 592 (5th Cir.1973)). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v.*

*Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

**III.    Discussion**

Defendants argue that Plaintiff's claims have prescribed because the three-year prescription period for maritime torts expired prior to the February 1, 2019, Amended Complaint naming Defendants as additional parties. (Rec. Doc. 15-1, p. 4). Plaintiff counters that the filing of the Amended Complaint relates back to the filing date of the Complaint pursuant to Federal Rule of Civil Procedure 15(c)(1). (Rec. Doc. 18, p. 2). Plaintiff also requests this court to convert the motion to dismiss into a motion for summary judgment in accordance with Federal Rule of Civil Procedure 56. (*Id.*).

Consistent with the Fifth Circuit holding in *Causey,* the Court converts the motion to dismiss into a motion for summary judgment because the parties submitted evidence outside of the pleadings in the motion to dismiss. Pursuant to 46 U.S.C. Section 30106, "a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause

of action arose." Plaintiff's original Complaint dated September 26, 2018, alleging injuries arising out of a maritime tort on October 14, 2015, was timely. As Plaintiff's claims prescribed on October 14, 2018, the subsequent February 2019 pleading naming Defendants was untimely.

Pursuant to Rule 15(c)(1), the Federal Rules of Procedure allow for an otherwise prescribed pleading to relate back to the date of filing a timely complaint when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Supreme Court in *Krupski v. Costa Crociere* held that the only question under Rule 15(c)(1)(C)(ii) is whether the amended additional defendant knew or should have known that, absent some mistake, the action would have been brought against him. 130 S.Ct. 2485, 2494, 560 U.S. 548 (2010). Therefore, the issue identified by the parties is whether there exists a genuine issue of material fact that Lege Consulting and Gardiner knew or should have known that, absent some mistake, the action would have been brought against them during the ninety-day time period within which to serve a defendant provided in Rule 4(m).

Plaintiff argues that Defendants knew or should have known that they would be named as defendants because counsel for an original defendant also represents Lege Consulting and Gardiner. (Rec. Doc. 18, p. 5). Plaintiff also asserts that Rooster Oil and Lege Consulting share an identity of interest such that institution of an action against one serves to provide notice of the litigation to the other. (*Id.* at 6). In support of his argument, Plaintiff cites answers to interrogatories and the Master Services Agreement. (*Id.*).

Defendants counter that Lege Consulting, B & J Martin, and Rooster Oil fail to satisfy the requirements for a shared identity of interest. (Rec. Doc. 29, p. 13). Defendants argue that the only connection between Lege Consulting, B & J Martin, and Rooster Oil is a contractual relationship. (*Id.*). Defendants concede that B&J Martin provided discovery requests on December 3, 2018, that identified both Gardiner and Lege Consulting as potential additional defendants; however, Defendants assert that Plaintiff had twenty-two days left to file suit against the additional defendants before the Rule 4(m) period expired. (*Id.*). Defendants argue that Plaintiff fails to present evidence establishing how Defendants received notice of this pending action. *(Id.* at 11). Defendants lastly assert that they did not retain counsel for representation until after the ninety-day time period elapsed. (*Id.* at 13).

The Court finds that the claims against Defendants relate back to the date Plaintiff filed the Complaint. The Complaint alleges:

> Rooster Oil & Gas, LLC placed its employee and/or agent on board the F/V Dusty Dawn to monitor and report on the activities of the vessel during the cleanup operation. This agent and/or employee was commonly known as the company man or middle man and his identity is unknown at this time, but it is alleged alternatively that he was an employee of a yet to be identified company, herein designated as ABC, Inc.

(Rec. Doc. 1, ¶ 20). On December 3, 2018, prior to the ninety-day period expiring, B & J Martin provided discovery identifying Gardiner and Lege Consulting as potential defendants. (Rec. Doc. 18-6, p. 4). This clarified the unidentified "company man" and "ABC, Inc." named in the Complaint. Defendants' reply argues thoroughly that Defendants did not receive actual notice and that Plaintiff cannot present evidence of actual notice. (Rec. Doc. 29, pp. 8, 11). The Court emphasizes that Plaintiff is not required to establish actual notice, but rather, whether Defendants knew or should have known of the pending suit.

Pursuant to the Master Services Agreement, B & J must defend and indemnify Rooster Oil, including its agent, Lege Consulting, and employee, Gardiner. (Rec. Doc. 18-4, pp. 1-3). In October,

B & J acknowledged this indemnification. (Rec. Doc. 18-3). Thereafter, B & J identified Defendants in answers to interrogatories (Rec. Doc. 18-6, p. 4). The emails between counsel are suggestive that defense counsel reached out to Defendants for potential indemnification and representation sometime prior to the Amended Complaint. (Rec. Doc. 18-5). In short, Defendants have failed to demonstrate prejudice that warrants dismissal.

**IV.  Conclusion**

Accordingly;

IT IS ORDERED that Defendants' **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 34)** is **DENIED**.

New Orleans, Louisiana, this 10th day of June, 2019

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE
