UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLEN TAYLOR                                                                 CIVIL ACTION

VERSUS                                                                       NO. 18-8941

B&J MARTIN, INC., ET AL.                                                     SECTION A(1)

**ORDER AND REASONS**

Before the Court is a **Motion for Reconsideration (Rec. Doc. 45)** filed by Defendants Lege Consulting Services, LLC and Corey T. Gardiner (herein after collectively referred to as "Defendants"). Plaintiff Allen Taylor opposes the motion. (Rec. Doc. 47). Defendants replied (Rec. Doc. 50), and Plaintiff filed a sur-reply (Rec. Doc. 53). The Motion, set for submission on July 10, 2019, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the **Motion for Reconsideration (Rec. Doc. 45)** is **DENIED** for the reasons set forth below and in the **Order and Reasons (Rec. Doc. 44)**.

Plaintiff was employed as a seaman by B & J Martin, Inc. aboard the F/V DUSTY DAWN. (Rec. Doc. 1 Complaint, ¶ 5). On October 14, 2015, Plaintiff stepped on a cigarette lighter and fell on the deck of the vessel sustaining various injuries. (*Id.* at 6). On September 26, 2018, Plaintiff filed the instant suit pursuant to the Jones Act and General Maritime Law naming B &J Martin, Inc. ("B & J Martin") and Rooster Oil & Gas, LLC ("Rooster Oil") as defendants. (*Id.* at 1-3). On February 1, 2019, Plaintiff filed the First Supplemental and Amended Complaint (Rec. Doc. 10) naming two additional defendants, Corey T. Gardiner ("Gardiner") and Lege's Consulting Services, LLC ("Lege Consulting"). (Rec. Doc. 10 ¶ 7). Defendants filed a Motion to Dismiss (Rec. Doc. 15) moving the Court to dismiss Plaintiff's claims against Gardiner and Lege Consulting as time-barred and prescribed pursuant to 46 U.S.C. § 30106. On June 10, 2019, the

Court denied Defendants' motion finding that the filing of the Amended Complaint relates back to the filing date of the Complaint pursuant to Federal Rule of Civil Procedure 15(c)(1). Defendants now request the Court to reconsider its Order and Reasons (Rec. Doc. 44).

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Nevertheless, the Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed twenty-eight days after entry of the judgment from which relief is being sought. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); see also Fed. R. Civ. P. 59(e). A Rule 59(e) motion may be granted on four grounds: "(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Lines v. Fairfield Ins. Co.*, No. 08–1045, 2010 WL 4338636, at *1 (E.D. La. Oct. 21, 2010) (citing *Peterson v. Cigna Group Ins.*, No. 99–2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002)). "The Court enjoys considerable discretion in granting or denying such a motion." *Gabarick v. Laurin Mar.* (America) Inc., No. 08–4007, 2010 WL 5437391, at *5 (E.D. La. Dec. 23, 2010) (citing *Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 939 (W.D. La 2004)). The Fifth Circuit has held that a Rule 59(e) motion is not the proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. April 2004).

Defendants argue that this Court committed manifest legal error because Plaintiff failed to satisfy his burden of proof to allow relation back of his First Supplemental and Amending Complaint, and his claims against Lege Consulting and Gardiner have prescribed under the

applicable statute of limitations. (Rec. Doc. 45, p. 1). Fifth Circuit long standing precedent establishes great discretion in this Court to grant or deny motions for reconsideration and that the motion should not be used to re-litigate old matters. Considering the legal standard and the arguments presented by the parties, the Court denies Defendants' Motion for Reconsideration (Rec. Doc. 45).

I.  **Conclusion**

Accordingly;

IT IS ORDERED that Defendants' **Motion for Reconsideration (Rec. Doc. 45)** is **DENIED**.

New Orleans, Louisiana, this 26th day of July, 2019

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE