**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALLEN TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-08941** |
| **B&J MARTIN, INC. and**<br>**ROOSTER OIL & GAS, LLC** | **SECTION: "A" (1)** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM IN OPPOSITION TO**</u>
<u>**MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

MAY IT PLEASE THE COURT:

Defendant, B&J Martin, Inc., seeks dismissal of plaintiff's Allen Taylor's claim for maintenance and cure and punitive damages. Defendant asserts that there is no genuine issue of material fact concerning whether plaintiff has reached maximum medical cure and, secondly, defendant contends that plaintiff willfully and intentionally concealed a prior medical condition and that therefore he is not entitled to maintenance and cure. It is plaintiff's position that there exists genuine issues of material fact concerning whether Taylor has reached maximum medical cure and whether he willfully and intentionally concealed information concerning prior medical condition from his employer.

Plaintiff contends that the defendant, B&J Martin, Inc., has failed to carry its burden on summary judgment and therefore the motion must be denied. The party moving for summary judgment bears the initial burden of showing the absence of genuine, material facts and an entitlement to judgment. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

1

This burden may often be discharged simply by pointing out for the court an absence of evidence in support of the non-moving party's claims or defenses. Celotex, supra. However, when the moving party is the one having the ultimate burden of persuasion at trial, the prima facie burden is heavier, requiring that party to show not only that it can carry its burden of proving all special elements of its defense, but also that no reasonable jury would disbelieve that evidence. Summary judgment in favor of the party with the burden of persuasion, however, is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact. Hunt v. Cromardie, 526 U.S. 541, 553, 119 S.Ct. 1545 (1999).

Concerning defendant's assertions that plaintiff has reached maximum medical improvement, defendant points to the report of Dr. Ferachi placing Taylor at maximum medical improvement. See defendant's exhibit 12, March 19, 2019 office note of Dr. Ferachi. Additionally, defendant asserts that the May 20, 2019 letter from Dr. Todd to Jim Hall (See defendant's exhibit 14) further establishes maximum medical improvement. Specifically, defendant quotes Dr. Todd as follows: "I see nothing to address from a spine surgery point of view. He has attempted a spinal cord stimulator and unfortunately he has not gained relief from that. The only other modality that I believe could be helpful for him would be to consider an intrathecal pump and that is something he can certainly discuss with his pain management physician in Georgia. I have nothing to offer him from a surgical point of view and this is something he will have to continue to pursue via pain management." See Exhibit "A" attached.

Plaintiff contends that the statement of Dr. Todd in fact raises a genuine issue of material fact concerning whether plaintiff has reached maximum medical improvement.

Defendant has asked this court to assume, on summary judgment, that the suggestions of Dr. Todd for an intrathecal pump was simply a suggestion of a palliative treatment, not one calculated to improve plaintiff's condition. However, defendant has not provided any evidence of such

2

assertion.

The courts have recognized that the boundaries between improvement and palliation is fuzzy. In Re: RJF International Corp., 354 F.3d 104, 107 (1st Cir. 2004). Treatment need not be intended to return a seaman to work in order to be considered curative. Seaman suffering from permanent and incurable conditions are entitled to maintenance and cure until the point their condition has stabilized and further progress ended short of a fully recovery. In Re: RJF International Corp., at 106. If any doubts exist as to whether a seaman is entitled to coverage whether the medical treatment is necessary or whether maximum cure has been obtained, courts have resolved disputes in favor of the seaman and in favor of granting payment for medical expenses. Vella v. Ford Motor Co., 421 U.S. 1, 95 S.Ct. 1381 (1975).

The courts have held that treatment is curative even if the increase function is accomplished primarily through pain relief. Lee v. Metson Marine Servs., 2012 W.L. 5381803 (D. Haw. 2012); Messier v. Bouchard Transportation, 756 F.Supp. 2d 475, 481 (S.D. NY 2010); Kuithe v. Gulf Caribe Maritime, Inc., 2010 W.L. 3419998 (S.D. AL); Mabrey v. Wizard Fisheries, Inc., 2008 W.L. 110500 (W.D. WA. 2008).

B&J Martin will bear the burden of proving at trial that Taylor has reached maximum medical cure. Smith v. Delaware Bay Launch Service, Inc., 972 F. Supp. 836, 848 (Del. 1997). Therefore, B&J Martin must show that no reasonable trier of fact could disbelieve the evidence they have presented on summary judgment. It is clear that there exists a genuine issue. Dr. Todd recommended further treatment. Whether that treatment is solely palliative or can improve function is a question unanswered and therefore summary judgment based on attainment of maximum medical improvement is not warranted.

Next, defendant contends that it is entitled to terminate maintenance and cure benefits because Taylor allegedly intentionally misrepresented or concealed a medical fact. See defendant's

memorandum page 16-17. Defendant's produced medical records from a 1999 accident and only the copy of a petition for damages from an accident in 2004. There was no evidence of continuing back problems. From 2004 until the time of this accident, October 14, 2015, he has not had any back problems, as defendants have not produced anything to the contrary. Defendant's proof on summary judgment falls short of showing that there is no genuine issue of material fact concerning whether plaintiff intentionally misrepresented any medical facts. At page 67 of plaintiff's deposition in this matter, line 24 the following takes place:

Q:      ...and I'm wondering why you wrote "no" if you had had those two previous problems with your back.

A:      I can't explain why I put that on there. I probably was rushing through the application while I was in work release.

Continuing at page 68, line 12 plaintiff stated: "At the time I filled out the application, I wasn't having no back and neck pain."

Lastly, at page 70 commencing at line 12 the following:

Q:      With respect to all of these questions where you said "no" on the form, were you intentionally trying to hide your prior injuries from B&J Martin?

A:      No, not at all.

See Plaintiff's deposition excerpts attached as Exhibit "B".

In Deisler v. McCormack Aggregates Co., 54 F.3d 1077 (C.A. 3 1995) the court held that non-disclosure of a pre-existing injury and nothing more, will not result in a seaman's loss of maintenance and cure. Such a forfeiture will not occur unless the plaintiff intentionally misrepresented or concealed medical facts that were material to the decision to hire the plaintiff.

4

Additionally in <u>Sammon v. Central Gulf S.S. Corp.</u>, 442 F.2d 1028 (C.A. 2 1971) the court stated that the concealment of a previous condition is fraudulent only if the seaman knows or reasonably should know that the concealed condition is relevant.

Plaintiff contends that there exists a genuine issue of material fact as to whether Taylor's alleged misrepresentation was in fact intentional.  Plaintiff contends that a reasonable fact finder would conclude that his actions were as a result of inadvertence or a genuine belief on his part that since he had no back or neck complaints that such a disclosure was irrelevant.

In conclusion, defendant's motion simply falls short in showing that there exists no genuine issue of material fact.  The treatment referenced by the defendant and recommended by Dr. Todd is at least arguably curative in nature as it seems quite logical to conclude that alleviation of pain results in increased functionality.  Secondly, there exists genuine issues of material fact as to whether Taylor acted intentionally in filling out the medical questionnaire prior to his employment. For these reasons, defendant's motion must be denied.

Respectfully Submitted:

**JIM S. HALL & ASSOCIATES, LLC**

  /s/ Jim S. Hall
**JIM S. HALL ( #21644)**
**MATTHEW B. MORELAND (# 24567)**
**JENNIFER L. CROSE (# 32116)**
800 N. Causeway Blvd., Suite 100
Metairie, LA 70001
Telephone: 504-832-3000

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on the 13th day of August, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/Jim S. Hall

**JIM S. H ALL**
