UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLEN TAYLOR<br><br>VERSUS<br><br>B&J MARTIN, INC. and<br><br>ROOSTER OIL & GAS, LLC | CIVIL ACTION<br><br>NO. 18-08941<br><br>JUDGE JAY C. ZAINEY<br><br>MAGISTRATE J. van MEERVELD |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR**
**PARTIAL SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Defendant, B&J Martin, Inc. respectfully submits the following Reply Memorandum in Support of its Motion for Partial Summary Judgment [R. Doc. 54] to address arguments raised by Plaintiff in his Memorandum in Opposition [R. Doc. 59]:

There exists no genuine dispute of fact that Plaintiff has reached maximum cure. Dr. Ferachi, Plaintiff's treating physician, placed Taylor at maximum cure on March 19, 2019.[1] Two months later, an additional treating physician opined that he could do <u>nothing</u> for Taylor and that Taylor should simply continue *pain management*.[2] Plaintiff meekly attempts to create a dispute of fact by asserting that an intrathecal pump could potentially improve Plaintiff's function. Yet, Plaintiff offers absolutely no competent evidence to establish that this pump could actually improve Taylor's condition. To the contrary, an intrathecal pump is a medical device used to deliver pain medication directly into the space under the membrane of the spinal cord.[3] It is well-

---

[1]   *See* Exhibit 12, March 19, 2019 Office Note of Dr. Ferachi.
[2]   *See* Exhibit 14, May 20, 2019 Letter from Dr. Todd to Jim Hall.
[3]   *See* *Intrathecal*, MERRIAM-WEBSTER DICTIONARY ONLINE, http://www.merriam-webster.com/dictionary/intrathecal (last visited August 15, 2019).

established that a medical procedure that serves only to relieve pain and suffering constitutes palliative care. *Barto v. Shore Constr., LLC*, 801 F.3d 465, 476 (5th Cir. 2015); *Pelotto v. L&N Towing Co.*, 604 F. 2d 396, 400 (5th Cir. 1979). As such, it is clear that an intrathecal pump would not otherwise improve Taylor's condition, instead, it will simply inject pain medication to alleviate Taylor's pain. Accordingly, there can be no doubt that Dr. Todd's recommendations suggested future <u>palliative</u> care.

    Plaintiff also cites to a number of non-binding district court decisions from Hawaii, New York, Alabama, and Washington for the proposition that these courts have held that treatment is considered "curative" if it increases overall function.[4] Nonetheless, the U.S. Fifth Circuit has rejected this very argument. In *Alario*, the seaman attempted to create a genuine dispute of fact by arguing that one physician proposed that an epidural steroid injection "could perhaps provide pain management and improve [the seaman's] 'overall functioning.'" *Alario Offshore Service Vessels, LLC*, 477 F. App'x 186, 187 (5th Cir. 2012). The seaman pointed to several statements in the physician's deposition that discussed this injection, however, "all of them refer[red] specifically to the potential alleviation of pain rather than the curing of an underlying condition." *Id*. at 188. In fact, the physician had opined that the proposed injection would not "change the structural problems in [the seaman's] neck." *Id*. Furthermore, the seaman did not provide any additional medical opinion that further treatment would improve her physical condition. Based on the foregoing and considering the opinions of two physicians, the Fifth Circuit found the seaman had reached maximum cure and dismissed her maintenance and cure claim. *Id*.

    Just as in *Alario*, Taylor attempts to fabricate a genuine dispute of fact with absolutely no competent evidence nor support. It is undisputed that Dr. Ferachi placed Taylor at maximum

---

[4]    R. Doc. 59, at p. 3.

medical improvement. It is equally undisputed that Dr. Todd opined that he had "nothing to offer [Taylor] from a surgical point of view" and that Taylor could only seek additional pain management.[5] Stated another way, Dr. Todd cannot improve the "structural problems" in Taylor's lumbar spine. Plaintiff as non-movant cannot defeat summary judgment through these "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" regarding this intrathecal pump possibly improving functioning. *Rueda v. Consol. Grain Barge, Inc.*, C.A. No. 17-10326, 2018 U.S. Dist. LEXIS 150849, at *2 (E.D. La. Sep. 5, 2018 ) (internal citations omitted). As such, without actual competent evidence, there is no genuine dispute of material fact that Taylor has reached maximum cure.

Furthermore, this is not a case of competing opinions of physicians -- both Dr. Ferachi and Dr. Todd, who are both treating physicians of Plaintiff, agree that Plaintiff has reached maximum medical improvement. Moreover, Plaintiff does not submit that another physician has opined he is not at maximum medical improvement. As such, the undisputed evidence establishes that two separate physicians have opined that Plaintiff has reached maximum cure. Plaintiff's unconvincing and conclusory allegations do not create a genuine dispute of fact, and, thus B&J Martin is entitled to summary judgment as a matter of law dismissing Plaintiff's claim for maintenance and cure on this ground. *Alario*, 477 F. App'x at 188.

Likewise, Plaintiff's argument in relation to B&J Martin's *McCorpen* defense is equally unavailing and plainly wrong. It is well-established in the U.S. Fifth Circuit that the "intentional concealment" prong of the *McCorpen* defense does not require a finding of subjective intent. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 174 (5th Cir. 2005) (internal citations

---

[5] *See* Exhibit 14, May 20, 2019 Letter from Dr. Todd to Jim Hall.

omitted). *See also Meche v. Doucet*, 777 F.3d 237, 247 (5th Cir. 2015). To this end, the Fifth Circuit has explained that the "intentional concealment" prong:

> [R]efers to the rule that a seaman may be denied maintenance and cure for failure to disclose a medical condition only if he has been asked to reveal it. Failure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information therefore satisfies the 'intentional concealment' requirement.

*Brown*, 410 F.3d at 174 (internal quotations omitted). Accordingly, in the Fifth Circuit, the "intentional concealment" prong neither turns on credibility nor requires a subjective determination of an intentional deception. *Id*. at 175. Rather, the Jones Act employer need only show that the seaman failed to disclose medical information on a questionnaire that is clearly designed to elicit such information. Furthermore, "[s]eamen must not be allowed to blatantly misrepresent their medical history on questionnaires and then plead ignorance before a jury." *Id*.

Plaintiff's self-serving testimony that he did not "intentionally" conceal his multiple prior back injuries is irrelevant and cannot defeat summary judgment. The undisputed evidence establishes that Taylor suffered from a serious prior back injury in 1999 and in 2004.[6] Despite this history, Taylor wrote "No" to whether he <u>ever had or experienced</u> an injury, disease, or medical problem with his "back." He also wrote "No" to whether <u>he ever had or experienced</u> "back pain."[7] Both employment questionnaires unequivocally asked Taylor to reveal any prior back injuries and Taylor undeniably misrepresented and concealed his two prior back injuries by writing "No" or simply leaving the form blank.[8] Just as in *Brown*, Plaintiff must not be allowed to plead ignorance or "inadvertence." Whether Taylor subjectively intended to deceive B&J Martin is irrelevant and not the standard imposed by well-established Fifth Circuit precedent. The undisputed evidence

---

[6] *See* R. Doc. 54-1, at pp. 3-4.
[7] *See* Exhibit 1, B&J Martin New Employee Questionnaire Form Completed by Taylor on June 17, 2009. *See also* R. Doc. 54-1, at pp. 4-6.
[8] *See* R. Doc. 54-1, at pp. 4-6.

clearly establishes that Taylor suffered from pre-existing back injuries and that he failed to disclose those injuries on medical questionnaires that elicited such information. B&J Martin has undoubtedly established the first prong of *McCorpen*.

Furthermore, there is no genuine dispute of material fact that B&J Martin has satisfied all three prongs of the *McCorpen* defense.[9] As such, B&J Martin is entitled to summary judgment as a matter of law dismissing Plaintiff's claim for maintenance and cure. Courts within the Fifth Circuit consistently grant partial summary judgment dismissing seaman's claims for maintenance and cure on similar facts. *See Thomas v. Hercules Offshore Servs.*, 713 Fed. App'x 382, 389 (5th Cir. 2018) (affirming district court's grant of partial summary judgment dismissing seaman's claim for maintenance and cure); *Lett v. Omega Protein, Inc.*, 487 Fed. App'x 839, 849 (5th Cir. 2012) (affirming dismissal of maintenance and cure claims based upon establishment of *McCorpen* defense); *Dukes v. Crosby Tugs, LLC*, C.A. No. 18-564, 2019 U.S. Dist. LEXIS 24698 (E.D. La. Feb. 15, 2019) (Vance, J.) (granting partial summary judgment and dismissing Plaintiff's maintenance and cure claim); *All. Marine Servs., LP v. Youman*, C.A. No. 17-8124, 2018 U.S. Dist. LEXIS 209455, at *28 (E.D. La. Dec. 12, 2018) (Feldman, J.) (granting motion for partial summary judgment based upon *McCorpen* defense); *White v. Sea Horse Marine, Inc.*, C.A. No. 17-9774, 2018 U.S. Dist. LEXIS 133458, at *14 (E.D. La. Aug. 8, 2018) (Lemelle, J.) (finding no genuine issue of material fact and granting summary judgment dismissing claim for maintenance and cure); *Wheeler v. Transocean Offshore, USA, Inc.*, C.A. No. 16-8141, 2017 U.S. Dist. LEXIS 162142, at *14 (E.D. La. Oct. 2, 2017) (Zainey, J.) (holding that the Jones Act employer mounted a successful *McCorpen* defense and dismissing the seaman's claims for maintenance and cure); *Ladnier v. REC Marine Logistics, LLC*, C.A. No. 14-1278, 2015 U.S. Dist. LEXIS 79843, at *20

---

[9] B&J Martin notes that in his Opposition Plaintiff does not contest the other two prongs of *McCorpen*. *See* R. Doc. 59.

(E.D. La. June 19, 2015) (Morgan, J.) (granting employer's motion for partial summary judgment and dismissing seaman's claims based on *McCorpen* defense).

## CONCLUSION

For the reasons outlined above and for the reasons detailed in Defendant, B&J Martin, Inc.'s Memorandum in Support of Partial Summary Judgment [R. Doc. 54-1], summary judgment is warranted, and Plaintiff's claims for maintenance and cure and punitive damages against B&J Martin should be dismissed with prejudice.

> Respectfully submitted,
> JONES WALKER, LLP
>
> */s/ Jefferson R. Tillery*
> JEFFERSON R. TILLERY (17831)
> C. BARRETT RICE (30034)
> SARA B. KUEBEL (38305)
> Jones Walker LLP
> 201 St. Charles Avenue
> New Orleans, Louisiana 70170-5100
> (504) 582-8616 Telephone
> (504) 589-8616 Facsimile
>
> ***Attorneys for B&J Martin, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's ECF filing system and/or US Mail, or email on this 19th day of August, 2019.

> */s/ Jefferson R. Tillery*
> JEFFERSON R. TILLERY